UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAKHU MAA TEM HERU, aka<br>SEKOU MUATA IMANI, | ) <br> ) <br> ) | CASE NO. 5:17cv00247 |
| PLAINTIFF, | ) <br> ) | JUDGE SARA LIOI |
| | ) <br> ) <br> ) | MEMORANDUM OPINION AND<br>ORDER |
| vs. | ) <br> ) | |
| STATE OF OHIO, *et al.*, | ) <br> ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Sakhu Maa Tem Heru aka Sekou Muata Imani filed this action against the State of Ohio, the Tuscarawas County Court of Common Pleas, the Tuscarawas County Commissioners, the Tuscarawas County Prosecutor's Office, and Judge Elizabeth L. Thomakos. Plaintiff contends that he is removing this case from state court, citing diversity of citizenship, the Alien Tort Claims Act 28 U.S.C. §1350, and Federal Civil Procedure Rules 12(b) and 60(b), as the basis for federal court jurisdiction. Plaintiff appears to challenge a 2008 criminal conviction in the Tuscarawas County Court of Common Pleas. He asserts claims for genocide, denationalization, unlawful arrest, arbitrary detention, false imprisonment, kidnaping, torture, and cruel and unusual punishment, and seeks monetary damages.

Plaintiff filed an amended complaint on April 5, 2017, which appears to supplement, rather than supersede, his original complaint. (Doc. No. 4.) He continues to claim that this case is a removed state court action, and cites the Alien Tort Claims Act and diversity of citizenship as the basis for federal court jurisdiction. He appears to continue to challenge his 2008 criminal

conviction, and adds claims for violation of his First Amendment right to Freedom of Religion by Belmont Correctional Institution officials. In the amended complaint, plaintiff adds defendants: Tuscarawas County Assistant Prosecutor David Hipp, Tuscarawas County Prosecutor Ryan Styer, Tuscarawas County Sheriff's Detective Scott Ballentine, Tuscarawas County Court of Common Pleas Clerk of Court Jeanne Stephens, Tuscarawas County Public Defender Matthew Petit, Ohio Department of Rehabilitation and Correction ("ODRC") Religious Services Administrator Michael Davis, the ODRC Chief Inspector, the Belmont Correctional Institution Warden Mary Potter, and the Belmont Correctional Institution Chaplain Berger.

    **A.**    **Background**

Plaintiff's complaint and amended complaint are largely incomprehensible. They are composed almost entirely of meaningless rhetoric, with random citations to various legal and non-legal sources. Plaintiff states that he is an indigenous Native American with Olmec, Ute, Cherokee, and Blackfoot ancestry, and also claims "free Moorish" ancestry. Plaintiff claims that he "declared his inalienable right as an indigenous person to a status separate and distinct from the 14th Amendment corporate citizen." (Doc. No. 1 at 5[1]). He also indicates that he exercised his right to expatriation by filing such a declaration with the Tuscarawas County Court of Common Pleas Clerk of Court, the Ohio Governor, the Ohio Secretary of State and the Ohio Attorney General. He sent a document to some or all of the defendants, and instructed them to rebut the document word for word, or it will be considered to be admitted. The defendants did not respond. Plaintiff appears to claim that, based on his indigenous status and the defendants' failure to respond to his document, the Tuscarawas County Court of Common Pleas lacked subject matter jurisdiction to

---

[1] All references are to page numbers generated by the Court's electronic filing system.

proceed with his criminal prosecution in case no. "2007 01 0145" which he contends voids his conviction. Plaintiff also alleges that: he was denied a fair trial and appeal, the right to discovery, the right to counsel, the right of self-representation, the right to a suppression hearing, the right to compulsory process to obtain witnesses, the right to be free of fraud on the court, the right to Brady Evidence, the right to be free from unreasonable searches and seizures, the right to be free of warrants or indictments without probable cause, the right to a grand jury, the right to contract rights under the Uniform Commercial Code, the right to be free of genocide, the right to travel, and the right to access to the courts.

In his amended complaint, plaintiff contends that Belmont Correctional Institution officials interfered with the practice of his religion. Plaintiff claims that he practices Moorish Kemetism. He states that he originally received permission by prison officials to wear a fez and wore it for several months, but was not permitted to wear a fez on a visit in December 2016, and was prohibited by Captain Rizzo from wearing it to the dining hall in January 2017. Plaintiff contends that inmates of other religions are permitted to wear their religious headgear. He also alleges he was denied kosher meals. Finally, plaintiff alleges the Belmont Correctional Institution does not provide religions services for Moorish Kemetic practitioners.

### B.    Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*,

99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**C.     Analysis**

As an initial matter, plaintiff did not (and could not) remove his 2007 criminal case from state court. A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446 (b). First, plaintiff did not file a notice of removal, he filed a new civil action. Second, only civil cases are removable. Plaintiff indicates he is attempting to remove a criminal case. Finally, the criminal case plaintiff claims he is

4

removing is closed. In April 2008, a jury found him guilty of two counts of trafficking in drugs and two counts of aggravated trafficking in drugs. An Ohio appellate court affirmed his conviction in May 2013. The Ohio Supreme Court declined jurisdiction in January 2014. Even if the case were removable, the time to do so would have expired.

This action can only be described as a new civil rights action. Plaintiff, however, cannot file a civil rights action to attack his conviction. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable in a civil rights action. Therefore, when a state prisoner seeks damages in a civil rights action, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, plaintiff claims that his conviction is void, and asserts that he was denied a fair trial and appeal, the right to discovery, the right to counsel, the right of self-representation, the right to a suppression hearing, the right to compulsory process to obtain witnesses, the right to be

free of fraud on the court, the right to *Brady* evidence, the right to be free from unreasonable searches and seizures, the right to be free of warrants or indictments without probable cause, and the right to a grand jury. These claims, if found to have merit by this Court would call into question the validity of his conviction. He has not alleged that his conviction has been overturned. Indeed, he is incarcerated at the Belmont Correctional Institution serving a prison sentence for this conviction, and cannot assert these claims in this civil rights action.

Plaintiff's amended complaint adds claims pertaining to the practice of his religion at the Belmont Correctional Institution. He claims that he was denied the ability to wear his fez on two occasions, was denied kosher meals, and was denied organized religious services as a Moorish Kemetic. He names the Belmont Correctional Institution warden and chaplain, as well as the ODRC Chief Inspector and ODRC Religious Services Administrator. While the Court conceivably may be able to construe a possible claim against the institution's warden and chaplain, plaintiff does not allege any facts to suggest the basis for his claims against the ODRC officials. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts reasonably associating these defendants to any of the claims set forth by plaintiff. Plaintiff's claims against the ODRC Chief Inspector and ODRC Religious Services Administrator are dismissed.

Finally, this Court is not the proper venue for plaintiff's claims against the Belmont Correctional Institution warden and chaplain for denial of his First Amendment right to Freedom of Religion. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Here, the remaining two defendants reside in the Southern District of Ohio. The events giving rise to the claims against them occurred in the Southern District of Ohio. The Southern District of Ohio is the proper venue for these claims.

**D.     Conclusion**

For all the foregoing reasons, plaintiff's claims against the State of Ohio, the Tuscarawas County Court of Common Pleas, the Tuscarawas County Commissioners, the Tuscarawas County Prosecutor's Office, Judge Elizabeth L. Thomakos, Assistant Prosecutor David Hipp, Prosecutor Ryan Styer, Detective Scott Ballentine, ODRC Religious Services Administrator Michael Davis, ODRC Chief Inspector, Clerk of Court Jeanne Stephens, and Public Defender Matthew Petit are dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

Plaintiff's Freedom of Religion claims against Belmont Correctional Institution warden, Mary Potter, and Belmont Correctional Institution chaplain, Berger, are transferred to the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

Dated: June 2, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**