IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAKHU MAA TEM HERU,**

      **Plaintiff,**

                                           Civil Action 2:17-cv-658
     **v.**                               Chief Judge Edmund A. Sargus, Jr.
                                           Magistrate Judge Jolson

**STATE OF OHIO, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

This matter is the Court on three motions by pro se Plaintiff Sakhu Maa Tem Heru. More specifically, currently before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. 7), Motion for Bond (Doc. 8); and Motion for Reconsideration (Doc. 9). For the reasons that follow, the Court **RECOMMENDS** that the Motions be **DENIED**.

**I.    BACKGROUND**

Plaintiff, a prisoner at Belmont Correctional Institution ("BCI"), initiated this case in the Northern District of Ohio on February 6, 2017, by filing a Notice of Removal. (Doc. 1). In the Complaint, Plaintiff appeared to challenge a 2008 criminal conviction in the Tuscarawas County Court of Common Pleas and asserted claims for genocide, denationalization, unlawful arrest, arbitrary detention, false imprisonment, kidnaping, torture, and cruel and unusual punishment, and sought monetary damages. (*See* Doc. 5 at 1). Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* on March 13, 2017 (Doc. 2), and an Amended Complaint on April 5, 2017

(Doc. 4). The Amended Complaint appeared to supplement, rather than supercede, Plaintiff's Complaint. (*See* Doc. 5 at 1).

In a Memorandum Opinion and Order issued on June 2, 2017, District Judge Sarah Lioi observed that Plaintiff's Complaint and Amended Complaint are "largely incomprehensible," consisting "almost entirely of meaningless rhetoric, with random citation to various legal and non-legal sources." (Doc. 5 at 2). Judge Lioi noted that Plaintiff claimed to have removed a closed criminal case from state to federal court to challenge his 2008 criminal conviction for drug trafficking, and added claims in the Amended Complaint pertaining to the practice of his religion at BCI. (*Id*. at 1–2). Plaintiff claimed that BCI Defendants interfered with the practice of his religion by prohibiting him from wearing a fez on certain occasions, denying him meals prepared in accordance with his religious beliefs, and failing to provide religious services for Moorish Kemetic practitioners. (*Id*. at 3).

Judge Lioi dismissed Plaintiff's claims related to his 2008 criminal conviction and his freedom of religion claim against all Defendants except the BCI Warden and Chaplain. (*Id*. at 8). Judge Lioi also found that the proper venue for the claims against the BCI Warden and Chaplain was in this Court. (*Id*. at 7). Consequently, Judge Lioi transferred those claims to this Court. (*Id*. at 8).

This Court received the electronic transfer on July 28, 2017. (Doc. 11). However, in the time between Judge Lioi's Memorandum Opinion and Order (Doc. 5) and this Court's receipt of the electronic transfer on July 28, 2017 (Doc. 11), Plaintiff filed the Motion for the Preliminary Injunction (Doc. 7), the Motion for Bond (Doc. 8), and the Motion for Reconsideration (Doc. 9). Plaintiff likewise filed a Notice of Appeal concerning Judge Lioi's decision to the United States Court of Appeals for the Sixth Circuit. (Doc. 10). On August 23, 2017, this Court received an

Order from Judge Lioi transferring the entire matter to this Court. (Doc. 12). Based upon the foregoing, and because Plaintiff has neither paid the filing nor requested to proceed *in forma pauperis* on appeal (*see* Doc. 10), this Court retains jurisdiction to address the pending Motions.

## II. DISCUSSION

### A. Motion for Reconsideration

Although Plaintiff's Motion for Reconsideration is difficult to decipher, it pertains primarily to his status as an indigenous Native American. (*See* Doc. 9). Plaintiff asks the Court to take judicial notice of facts and accept documents which confirm his identity as a Native American, and appears to allege that the Tuscarawas Court of Common Pleas lacked jurisdiction over him in the underlying criminal case as a result of that status. (*Id*. at 1, 4–7) (indicating that there was no case pending against him using his proper name, Saku Ma Tem Heru). Conversely, Plaintiff alleges that jurisdiction is proper here, because this Court has the obligation to protect him as a Native American from state authority. (*Id*. at 8).

Concerning his criminal case, Plaintiff states that if removal was improper under 28 U.S.C. § 1441, he should be permitted to remove under 28 U.S.C. § 1455. (*Id*. at 5). However, the latter statute pertains only to pending cases. *See* 28 U.S.C. § 1455; *Majors v. Ky.*, No. 5:14-cv-188, 2014 WL 2565351, at *1 (E.D. Ky. June 5, 2014) ("By its terms, 28 U.S.C. § 1455 only applies to 'pending' prosecutions."). As Judge Lioi found, Plaintiff's criminal case is closed. (Doc. 5 at 4–5) (noting his conviction in April 2008, which was affirmed in May 2013, and the Ohio Supreme Court's decision to decline jurisdiction in January 2014). Thus, there is no pending state court case to remove.

Plaintiff's arguments focus on two basic claims—one that he refers to as his "commercial claim," and the other an "Alien Tort statute" claim. (Doc. 9 at 10–11). Plaintiff first argues that

3

Judge Lioi failed to address his "commercial claim," which is based on his assertion that he should not be held responsible for complying with any documents that impose a financial obligation on him or his property, including the $31,800 mandatory fine imposed on him in his criminal case. (*Id*. at 9–10). He also claims entitlement to compensation from those who have seized his property improperly. (*Id*. at 10; *see also id*. (claiming that the indictment is a negotiable instrument used to restrict his liberty improperly)). This argument appears at least in part to relate to his name change from Sekou Muata Imani (the name under which he was prosecuted) to Saku Maa Tem Heru, his indigenous Native American name. (*Id*.). Next, Plaintiff claims that Judge Lioi erred in refusing to allow him to bring claims under the Alien Torts Claims Act, including genocide/denationalization, prolonged arbitrary detention, kidnapping, torture, denial of fair trial, discovery violations, and denial of right to self-representation. (*Id*. at 11).

Despite Plaintiff's arguments to the contrary, Judge Lioi examined his claims and found them to constitute an improper attack on his conviction and subject to dismissal under 28 U.S.C. § 1915(e). (Doc. 5 at 5). Judge Lioi viewed Plaintiff's Complaint and Amended Complaint together and found the only viable claim to be the freedom of religion claim against the BCI Warden and Chaplain. (*Id*. at 8).

Only three situations justify alteration or amendment of a district court's judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x. 949, 959 (6th Cir. 2004) (citation omitted). Thus, Motions for Reconsideration serve a limited function and are not intended to re-litigate issues considered previously or to present evidence that could have been

presented earlier. *Pegg v. Davis*, No. 2:09-cv-908, 2009 WL 5194435, at *1 (S.D. Ohio Dec. 22, 2009). Based on the foregoing, Plaintiff fails to provide a valid basis for reconsidering Judge Lioi's Memorandum Opinion and Order. Thus, the Court **RECOMMENDS** that Plaintiff's Motion for Reconsideration be **DENIED**. (Doc. 9).

### B. Motions for Preliminary Injunction and Bond

Plaintiff likewise filed a Motion and Notice for Preliminary Injunction (Doc. 7), in which he attempts raise the same claims. (*See* Doc. 7) (discussing, *inter alia*, "irreparable loss of liberty, unlawful seizure/arrest, and arbitrary detention"). He also filed a related Motion and Notice for Bond under Rule 65(c) of the Federal Rules of Civil Procedure. (Doc. 8). As discussed, Judge Lioi examined Plaintiff's claims and determined that they constituted an improper attack on his conviction and were subject to dismissal under 28 U.S.C. § 1915(e). For the same reasons, the Court **RECOMMENDS** that Plaintiff's Motions for Preliminary Injunction and Bond be **DENIED**. (Docs. 7, 8).

### III. CONCLUSION

Based upon the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Doc. 7), Motion for Bond (Doc. 8); and Motion for Reconsideration (Doc. 9) be **DENIED**. Plaintiff is **ORDERED** to provide summons and U.S. Marshal Form 285 for each remaining Defendant within 14 days of this Order. The Clerk is **DIRECTED** to provide the appropriate forms to Plaintiff. Upon receipt of these forms, the United States Marshals Service is **DIRECTED** to effect service of process by certified mail. Finally, the Court **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Procedure on Objections to Order**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: August 28, 2017                               /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE