# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SAKHU MAA TEM HERU,**

    **Plaintiff,**

  v.                                   Civil Action 2:17-cv-658
                                       Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Jolson

**STATE OF OHIO, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Request for Additional Discovery FRCP 56(c), (e) (Doc. 33). For the reasons that follow, Plaintiff's Request (Doc. 33) is **DENIED**. Plaintiff is **ORDERED** to file any opposition to Defendants' Motion for Summary Judgment on or before February 15, 2019. Plaintiff has had more than three months to prepare his opposition. No further extensions of this deadline will be granted.

## I.    BACKGROUND

On September 17, 2018, Defendants filed a Motion for Summary Judgment (Doc. 29). After Plaintiff failed to respond to that Motion in a timely fashion, the Court learned that Plaintiff had failed to update his contact information with the Court. (*See* Doc. 30 at 1–2). "In the interest of fairness," the Court granted Plaintiff an additional 21 days in which to file a response to Defendants' Motion. (*See id.* at 2).

Instead of filing his response, Plaintiff filed a Motion for Extension of Time (Doc. 31), requesting an additional 30 days to respond to Defendants' Motion. The Court granted that request by Order (Doc. 32) dated November 20, 2018. Because the Court had granted Plaintiff multiple extensions, it stated that it "anticipate[d] no further extensions of this deadline." (*Id.*).

Plaintiff's deadline to file an opposition to Defendants' Motion was December 20, 2018. (*See id.*). In lieu of an opposition, Plaintiff filed the instant Request on December 14, 2018. According to him, additional discovery is necessary "to respond to unsupported facts and statements" made by Defendants. (Doc. 33 at 1). Defendants filed their Response in Opposition to Plaintiff's Request for Additional Discovery (Doc. 34) on December 27, 2018. Plaintiff did not file a reply. The Request is now ripe for resolution.

## II.     STANDARD OF REVIEW

"Rule 56(d) is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio April 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)). It provides:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"Beyond the procedural requirement of filing an affidavit," Rule 56(d) "has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). In evaluating a Rule 56(d) motion, courts consider a number of factors, including:

> (1) when the party seeking discovery learned of the issue that is the subject of the

desired discovery; (2) whether the desired discovery would . . . change the ruling . . . ; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.

*Cressend v. Waugh*, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (internal quotation marks and alterations omitted) (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

It is not an abuse of discretion to deny a Rule 56(d) motion when the movant "makes only general and conclusory statements in its affidavit regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the document to be discovered." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (citation and alterations omitted). Further, it is not an abuse of discretion to deny a Rule 56(d) motion "when the affidavit lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).

### III. ANALYSIS

Plaintiff requests additional discovery to respond to "multiple unsupported statements of material fact and claims of immunity." (Doc. 33 at 2). He generally seeks discovery concerning:

- the crimes for which he was convicted;
- the State's ability to incarcerate him when he is "a Foreign National pursuant to Art. 8–9 of the Treaty of Guadalupe Hidalgo"; and
- whether his claims against Defendants in their official capacity are barred by the Eleventh Amendment.

(*Id.* at 2–4).

As an initial matter, the Court notes that most of the discovery Plaintiff has requested is not relevant to the claims remaining in this case. Plaintiff's Amended Complaint generally challenged his criminal convictions in state court. (*See* Doc. 4). Those claims have been

3

dismissed. (*See* Doc. 5). But Plaintiff nonetheless requests additional discovery concerning his underlying state convictions and the State's ability to incarcerate him when he is "a Foreign National pursuant to Art. 8–9 of the Treaty of Guadalupe Hidalgo." (Doc. 33 at 2–4). Plaintiff cannot seek discovery under Rule 56(d) for claims that are no longer part of this case.

More importantly, Plaintiff has made only general and conclusory statements regarding his need for discovery. (*See generally* Doc. 33). And he has made no effort to explain what material facts he hopes to uncover and why he has not previously discovered the information. (*See id.*). Therefore, Plaintiff has failed to meet his burden under Rule 56(d). *See Unan v. Lyon*, 853 F.3d 279, 292–93 (6th Cir. 2017) (holding that a party moving under Rule 56(d) must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." (quoting *Cacevic*, 226 F.3d at 488)).

This case is almost two years old. Plaintiff had until August 20, 2018, more than a year and a half after this case was removed to federal court, to complete discovery. (*See* Doc. 27). Dispositive motions were due on September 20, 2018. (*See id.*). The Court appreciates the challenges prisoners face in litigating while incarcerated. But those challenges do not excuse Plaintiff's dilatory behavior in waiting until four months after the close of discovery and days before his opposition to Defendants' Motion for Summary Judgment was due to move for additional discovery under Rule 56(d). This is particularly true, whereas here, the Court has granted Plaintiff multiple extensions of the deadline to file his opposition to Defendants' Motion for Summary Judgment. (*See* Docs. 30. 32). Plaintiff's Request is denied accordingly. *See Cressend*, 2011 WL 883059, at *2 (listing factors to be considered in ruling on a Rule 56(d) motion).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Request (Doc. 33) is **DENIED**. Plaintiff is **ORDERED** to file any opposition to Defendants' Motion for Summary Judgment on or before February 15, 2019. To repeat, Plaintiff has had more than three months to prepare his opposition, and no further extensions of this deadline will be granted.

IT IS SO ORDERED.


Date: January 28, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE