UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAKHU MAA TEM HERU,**

      **Plaintiff,**

  v.

**STATE OF OHIO INC.,** *et al.***,**

      **Defendants.**

Case No. 2:17-cv-658
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's September 16, 2019, Report and Recommendation, (ECF No. 52), as well as Plaintiff's Objection to the Magistrate Judge's June 19, 2019, Report and Recommendation. (ECF No. 41). The Magistrate Judge first issued a June 19, 2019, Report and Recommendation, (ECF No. 41), to which Plaintiff objected. (ECF No. 47). This Court recommitted the matter to the Magistrate Judge to address the new arguments, and the facts in support of such arguments, raised in Plaintiff's Objection. (ECF No. 49). The Magistrate Judge considered these new arguments and issued the September 16, 2019, Report and Recommendation, (ECF No. 52), recommending this Court grant Defendants' Motion for Summary Judgement (ECF No. 29). Plaintiff objected. (ECF No. 55). For the reasons below, the Court **OVERRULES** Plaintiff's Objections (ECF Nos. 47, 55) and **ADOPTS** both Reports and Recommendations. (ECF Nos. 41, 52). Defendants' Motion for Summary Judgement (ECF No. 29) is **GRANTED**.

Plaintiff, while a prisoner at Belmont Correctional Institution[1], proceeding *pro se*, initiated this action in Tuscarawas County Court of Common Pleas and subsequently removed it to the

---

[1] Plaintiff has since been transferred to London Correction Institution. (*See* ECF No. 47, Ex. 1)

1

United States District Court for the Northern District of Ohio, Easter Division on February 6, 2017. (ECF No. 1). Plaintiff states that he is an indigenous Native American with Olmec, Ute, Cherokee, Blackfoot, and free Moorish ancestry.

Acknowledging the difficulty in interpreting Plaintiff's claims, District Judge Lioi identified claims related to Plaintiff's 2008 criminal conviction in Tuscarawas County Court of Common Pleas, including claims for genocide, denationalization, unlawful arrest, arbitrary detention, false imprisonment, kidnaping, torture, and cruel and unusual punishment, as well as claims under the Alien Torts Claims Act, and the First Amendment right to Freedom of Religion. (ECF No. 5 at 1–2). Having examined all claims, under 28 U.S.C. § 1915(e), Judge Lioi dismissed Plaintiff's claims related to his 2008 criminal conviction and his freedom of religion claims against all Defendants except the BCI Warden and Chaplain. (ECF No. 5 at 8). Judge Lioi subsequently found the proper venue for the claims against BCI Warden and Chaplain was in this Court and transferred those claims. (ECF No. 5 at 9).

After the transfer of this case, the remaining Defendants filed a Motion for Summary Judgement. (ECF No. 29). Plaintiff filed a Motion in Opposition, (ECF No. 39), which this Court interprets as a response in opposition, and to which Defendants replied. (ECF No. 40). The Magistrate Judge reviewed the Defendants' motion and correctly recommended that this Court grant summary judgement. (ECF No. 41). Plaintiff objected by raising two new arguments. (ECF No. 47). First, he argues that the Magistrate Judge failed to address his request for a declaratory judgement based on his alleged status as a citizen of Mexico whose rights are protected under the Treaty of Guadalupe Hidalgo. (*Id.* at 2–6). Second, he asserts that his claim for injunctive relief is not moot because he can now submit evidence that prison officials have denied similar requests

for religious accommodations since he was transferred to the London Correctional Institution. (*Id.* at 6–8).

This Court recommitted the matter to the Magistrate Judge, who then addressed these new arguments and again recommended this Court grant Defendants' Motion for Summary Judgement. Plaintiff then objected to this Report and Recommendation, asserting that the Magistrate Judge failed to address his request for a declaratory judgement based on the fact that he is a citizen of Mexico under the treaty of Guadalupe Hidalgo. (ECF No. 55 at 1).[2]

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Plaintiff objects that the second Report and Recommendation, (ECF No. 52), failed to address his request for a declaratory judgement, but the Report and Recommendation did address Plaintiff's request for a declaratory judgement. Specifically, the Report and Recommendation states:

> Plaintiff now argues that his alleged status as a Mexican citizen entitled him to certain protections under the Treaty of Guadalupe Hidalgo and that he is, therefore, entitled to declaratory relief on his First Amendment and RLUIPA claims. Plaintiff did not cite, and the [Magistrate Judge] has not been able to find, any authority or precedent to support this argument. Any religious exercise claims based on the Treaty of Guadalupe Hidalgo are without merit, if not frivolous.

(ECF No. 52 at 4). This Court agrees. The Treaty of Guadalupe Hidalgo ended the Mexican-American War; it does not bare any relation to Defendant's First Amendment and RLUIPA claims.

---

[2] Defendant does not appear to re-assert that his objection that injunctive relief is not moot in his objection to the second Report and Recommendation.

Accordingly, the Reports and Recommendations (ECF Nos. 41, 52) are **ADOPTED**, Plaintiff's Objections are **OVERRULED** (ECF No. 47. 55), and Defendants' Motion for Summary Judgement (ECF No. 29) is **GRANTED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| **10/27/2020** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |